STATE OF VERMONT

**SUPERIOR COURT**
**Windsor Unit**

**CIVIL DIVISION**
**Docket No. 22-CV-493**

**GARY ALIBOZEK,**
    **Plaintiff**

**v.**

**NORMAN WATTS and WATTS LAW FIRM, P.C.,**
    **Defendants**

## DECISIONS ON PENDING MOTIONS

Plaintiff Gary Alibozek was represented by Defendant Norman Watts in an age discrimination case against his employer, General Electric Company.[1] Mr. Alibozek applied for an open position and a younger employee who had worked at GE for less time was selected for the job. In that Underlying Case, summary judgment was granted to General Electric Company. Mr. Alibozek now brings this suit against Mr. Watts and Watts Law Firm, P.C.,[2] alleging several causes of action based on Mr. Watts's representation of him in the Underlying Case against General Electric.

The Amended Complaint sets forth four causes of action: Negligence/Legal Malpractice; Breach of Contract; Consumer Fraud; and Negligent Misrepresentation.

There are several pending motions in the case, including a Motion for Summary Judgment on all counts filed by Defendant Watts. The motions are addressed in the order in which they were filed, except that the Motion for Summary Judgment is addressed last.

### Motion #7: Plaintiff's Motion to Compel GE to respond to subpoena

Plaintiff sought discovery material from GE by informally sending a subpoena to a GE representative who had previously provided discovery in the Underlying Case from GE's files without formal service. GE declined to provide the requested documents due to lack of proper service of the subpoena and also claimed that the request was unduly burdensome. Plaintiff's counsel seeks to compel production of the documents without service of the subpoena, claiming that formal service would add time and expense. GE is not a party to this lawsuit, and any prior agreement in the Underlying Case regarding modes of making and responding to discovery requests does not apply.

---

[1] *Alibozek v. General Electric Company,* 270-5-17 Rdcv, hereinafter described as the Underlying Case.
[2] Hereinafter the term Watts will refer to both Mr. Norman Watts and Watts Law Firm, P.C.

Plaintiff's counsel also sought personnel records of employees without requesting the addresses of those employees to give them notice as required by 16 V.S.A. §1691a(c), and sought numerous records going back several years in time, which GE claimed would be unduly burdensome. Plaintiff has shortened the retroactive date to 10 years based on the understanding that GE keeps records for 10 years.

The court denies the motion for several reasons. Plaintiff's counsel failed to properly serve the subpoena and seek the addresses of employees in a timely manner within the pretrial scheduling order. Moreover, the court concludes that a large volume of material was requested that constituted a much more burdensome request than the single personnel file that GE had previously agreed to provide without service of subpoena.

Perhaps most important is that there is no showing that the significant volume of material sought, some of which is very dated, even if it had been timely requested, would be within the scope of discoverable material pursuant to V.R.C.P. 26 (b), which allows discovery "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake. . .and whether the burden or expense of the proposed discovery outweighs its likely benefit." Mr. Alibozek was denied promotion to the position for which he applied in December of 2014. Plaintiff has not explained how documents from 10 years prior to that date, relating to other employees, would be relevant to the critical issue of whether the reason given for the decision not to promote Mr. Alibozek was a pretext.

For these reasons, the motion is denied, and there is no reason to delay ruling on Defendant's motion for summary judgment.


**Motion #9: GE's Motion for a Protective Order**

This request was essentially a motion to quash made by GE in its Opposition to the Motion to Compel GE to comply with the subpoena described above. For the reasons stated above, the Plaintiff's motion has been denied. GE's motion is therefore moot.


**Motion #10: Plaintiff's Motion to Compel the Attorney General's Office to Allow Forensic Audit**

Mr. Alibozek and his wife contend that they listened to audio recordings provided by the Attorney General's Office in the Underlying Case, that she took notes on what was said, and that a portion of what they listened to contained a heated argument that is no longer on the audio file. Plaintiff's counsel seeks to have a forensic expert examine the original file at the Attorney General's Office. The attorney for the State contends that they had their own forensic audit done which showed no missing portion of the interview.

The starting point of the analysis is that the written notes kept by Mr. Alibozek's wife as she listened to the interview, in particular the format she used of identifying what was said by what speakers as identified by initials, suggest the possibility that there may be a missing section

2

of the interview. Thus, if there were a showing that the alleged missing portion actually contained material pertinent to Plaintiff's claim of pretext, the court would consider granting the request for Plaintiff to engage an independent forensic audit. The court assumes the accuracy of the Alibozeks' contention of the content of the missing material. However, there has been no reasonable showing that the alleged missing portion of the interview contained content relevant under the standard of V.R.C.P. 26 (b) to Plaintiff's claim in this malpractice case. Thus, the delay, use of parties' time, and expense of the requested forensic audit is not justified. The motion is denied.

**Motion #12: Plaintiff's Motion for a Final Protective Order**

Plaintiff previously filed a Motion for Protective Order, Motion #5 (corrected as Motion #6), in response to a subpoena Defendant served on special disciplinary counsel for production of communications from Plaintiff's counsel related to an independent professional responsibility disciplinary proceeding. Plaintiff's counsel claimed that her communications to special disciplinary counsel were protected attorney work product. In a ruling issued October 17, 2023, the court denied the motion without prejudice to refile, specifically providing that "if the motion is refiled, specific attention is requested as to the provision of an adequate basis for determination of the applicability of the privilege."

Motion #12 is Plaintiff's refiling of the request. In the motion, Plaintiff claims that the information in the communication was a "matter of common interest" between herself and special disciplinary counsel and thus could be shared with an attorney with a common interest while retaining its character as Plaintiff's attorney work product.

The court concludes that the purposes, standards, and procedures of a tort case and a professional responsibility disciplinary proceeding are distinct, and attorneys working on the two different cases do not have the type of "common interest" that allows sharing of information while retaining the benefits of the attorney work product privilege. Thus the motion is denied.

**Motion #14: Plaintiff's Motion to Approve a Third Amended ADR Schedule**

Critical discovery deadlines had already passed before this motion was filed. See Order of April 18, 2023. No justification has been shown for retroactively extending discovery deadlines, nor has any valid reason been shown that further discovery is needed before consideration of Defendant's Motion for Summary Judgment. The motion is denied.

3

**Motion #15: Plaintiff's Motion for Sur-reply (to Defendants' Reply in Support of Summary Judgment Motion)**

The court concludes that the content of Defendant's Reply did not raise new issues or arguments not previously identified by Defendant, and that Plaintiff was therefore not deprived of a chance to address pertinent arguments. Thus, the motion is denied.

**Motion #8: Defendant's Motion for Summary Judgment**

*Breach of Contract Claim.* In a legal malpractice case based on attorney representation in litigation, in order to prove negligence and damages, the plaintiff is obliged to prove that if the attorney had not been negligent in conducting the Underlying Case, the plaintiff would have prevailed. Thus such a plaintiff has to prove a "case within a case." In the summary judgment ruling in the Underlying Case, the court dismissed Count I for breach of implied contract because as a matter of law, no implied contract was created that was breached by GE, and dismissed Count II for breach of implied covenant of good faith and fair dealing because no conduct was alleged separate from breach of contract. The Judgment was not appealed. Plaintiff concedes that the same result would be required in this case on those issues. Thus, summary judgment is granted to Defendants on the Breach of Contract claim in this case.

*Consumer Protection Claim.* Defendants argue that Plaintiff does not have a consumer fraud claim under the Vermont Consumer Protection Act because any representations made by Attorney Watts were not made to the consumer public at large in the consumer marketplace, but were part of private representation agreements between Mr. Alibozek and Mr. Watts, citing *Foti Fuels, Inc. v. Kurrle Corp,* 2013 VT 111. Plaintiff, in his responsive memorandum of law, claims that more discovery is needed. However, there is no showing of what more discovery is needed. The court concludes that the analysis relied on by Defendant based on *Foti Fuels* is on point and persuasive. Thus, summary judgment is granted to Defendants on the Consumer Fraud claim.

*Negligent Misrepresentation Claim.* Defendants argue that Plaintiff's allegations as to this claim are the same as those for the consumer fraud claim, and that they do not satisfy the required elements of a negligent misrepresentation claim as set forth in *Howard v. Usiak,* 172 Vt. 227, 230-231 (2001) because Plaintiff has not identified factual, actionable misrepresentations. Plaintiff responded simply, "Attorney Watts had a duty to inform Plaintiff of his conflict of interest, as per the Rules of Professional conduct." This is insufficient to show specific facts in support of the elements of a negligent misrepresentation claim as set forth in *Howard v. Usiak*:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Id.* at 230-231.

4

While Plaintiff has identified a failure to disclose a conflict of interest as a misrepresentation, specifically lacking is any evidence that the identified misrepresentation was the cause of pecuniary loss to Plaintiff. Without such evidence, summary judgment must be granted to Defendants on the Negligent Misrepresentation claim.

*Age Discrimination Claim.* The age discrimination claim is the heart of this case, and is the "case within a case" that Plaintiff would have to prove in order to prevail in this lawsuit. In the summary judgment ruling in the Underlying Case, the court concluded that Plaintiff had met the burden of establishing a prima facie case of age discrimination based on the evidence that the age difference between Mr. Alibozek and the person selected for the position was enough to meet the burden because there was a nine year difference in age and the person selected was the youngest candidate of the four interviewed. The burden then shifted to GE to show a legitimate nondiscriminatory reason for its decision to hire the younger candidate. The court concluded that GE had met its burden to produce a legitimate nondiscriminatory reason, which was that the younger candidate's job and interview performance were superior to Mr. Alibozek's.

The burden then shifted to Plaintiff to show that GE's reasons were a pretext for age discrimination. The court in the Underlying Case concluded that the allegations of pretext were allegations only, and that Mr. Alibozek "failed to produce any credible evidence tending to show that GE's reason for not hiring him was pretextual." Thus, in this case of legal malpractice against Defendant Watts, Plaintiff would need to prove (a) that there was sufficient evidence to show pretext, (b) that Mr. Watts failed to provide it to the court, and (c) that if he had, Plaintiff would have prevailed in the Underlying Case.

Defendant Watts alleges in the Motion for Summary Judgment in this case that Plaintiff "has no relevant evidence beyond those submitted to the court in the Underlying Case to support his allegation of pretext." Defendant's Statement of Undisputed Facts, ¶ 23. Plaintiff denied this paragraph and submitted a "Supplemental Statement of Disputed Facts (Disputed by Watts and/or GE)" consisting of 20 paragraphs with references to 18 supporting exhibits.

The court has examined Plaintiff's proposed disputed facts and all supporting exhibits to determine whether there is admissible evidence from which jurors could infer discrimination on the basis of age, keeping in mind that such evidence is likely to be circumstantial. The issue is whether there is circumstantial (or direct) evidence from which jurors could conclude that the actual basis for GE's hiring decision was age discrimination, and that its stated reason was only a pretext.

There is evidence that Mr. Alibozek was described by one member of the interview panel as "not a leader and scattered." (Exhibit 10 to Plaintiff's Statement of Disputed Facts, Deposition of Mr. Alibozek, page 105.) Such characteristics could be descriptive of many people regardless of age. Mr. Alibozek testified that he "heard one of the people on the tape say that you got to run all day long and Jim [chosen candidate] is the man and that something to the effect that I couldn't do that. . ." (Exhibit 9 to Plaintiff's Statement of Disputed Facts, Deposition of Mr.

5

Alibozek, page 90.) It appears that this would be offered to prove that the interview panel passed Mr. Alibozek over in favor of a younger man because Mr. Alibozek would not be able to "run all day long," suggesting age discrimination. However, as offered it is inadmissible hearsay and thus cannot be relied on as admissible evidence creating a dispute of fact on the issue of pretext. Mr. Alibozek claims that there was no one from HR in the interview, which was a departure from usual practice, and that corporate counsel sat in, thereby intimidating people. Even if these were departures from usual practice and true, they do not constitute a sufficient basis to infer that age discrimination was the reason for the employment decision.

These items of evidence are the most pertinent to the issue of pretext. Looked at in the light most favorable to Mr. Alibozek, they do not constitute a sufficient circumstantial basis upon which the jury could conclude that the reason that the younger man, another GE employee who had training suitable to the job, was hired over Mr. Alibozek based on age discrimination.

After careful review of the Plaintiff's proposed facts, the court is unable to conclude that there is sufficient evidence from which a jury could find that GE's stated reason for its selection was a pretext, and that the real reason was age discrimination. Therefore, Plaintiff does not have sufficient evidence to prove his claim, and the Defendant's summary judgment motion must be granted.

### Summary and Orders

The following motions are *denied:* ## 7, 10, 12, 14, and 15.

Motion # 9 is *moot.*

Defendant's Motion for Summary Judgment (#8) is *granted,* and the court has issued Judgment this day.

Electronically signed February 16, 2024 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned

Vermont Superior Court
Filed 02/20/24
Windsor Unit

6